# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-1849

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Lorenzo Smith, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: June 27, 2007
Filed: July 9, 2007

———————

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

———————

PER CURIAM.

Lorenzo Smith (Smith) appeals the 87-month prison sentence the district court[1] imposed after Smith pleaded guilty to conspiring to distribute a mixture or substance containing more than 100 kilograms of a detectable amount of marijuana. For reversal, he argues that his sentence at the top of his Guidelines range was unreasonable in light of mitigating factors, and that the standard used by the district court in applying a 2-level weapon enhancement under the Guidelines was unconstitutional.

———————

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Upon careful review of the record, we conclude the district court did not abuse its discretion in sentencing Smith to 87 months in prison.  See United States v. Haack, 403 F.3d 997, 1003 (8th Cir.) (standard of review), cert. denied, 126 S. Ct. 276 (2005). We afford a presumption of reasonableness to the district court's sentence, which was within the advisory Sentencing Guidelines range.  See Rita v. United States, No. 06-5754, 2007 WL 1772146, at *6-9 (U.S. June 21, 2007) (affirming the application of a presumption of reasonableness by a court of appeals to a district court's sentence that reflects a proper application of the Sentencing Guidelines); United States v. Mickelson, 433 F.3d 1050, 1056 (8th Cir. 2006) (concluding sentences within the applicable Guidelines range are presumptively reasonable).  The district court appropriately considered the 18 U.S.C. § 3553(a) factors, weighing any mitigating factors against the seriousness of Smith's offense and his criminal history.  See Mickelson, 433 F.3d at 1056 (deciding a sentence at the top of the Guidelines range is not unreasonable where the district court considered the offense to be very serious and discounted the importance of defendant's mitigating factors).

Regarding the 2-level weapon enhancement, we further conclude the district court did not clearly err in finding a connection between the guns and the offense was not improbable.  See United States v. Rodriguez, 484 F.3d 1006, 1016-17 (8th Cir. 2007) ("Section 2D1.1(b)(1) of the Sentencing Guidelines authorizes a two-level enhancement if the defendant possessed a dangerous weapon, including a firearm, in connection with a drug offense 'unless it is clearly improbable that the weapon was connected with the offense.'" (quoting U.S.S.G. § 2D1.1 cmt. n.3)); United States v. Lopez, 416 F.3d 713, 715 (8th Cir. 2005) (standard of review); United States v. Payne, 81 F.3d 759, 763 (8th Cir. 1996) (finding a connection between guns and the offense is shown where weapons are found in same location where drugs or drug paraphernalia are stored or where part of conspiracy takes place); United States v. Betz, 82 F.3d 205, 210-11 (8th Cir. 1996) (upholding an enhancement where firearms were not found in the same shed as marijuana, but were elsewhere on defendant's property).  Smith's challenge to the constitutionality of the weapon enhancement

standard is foreclosed because he did not raise the issue in the district court. <u>See</u> <u>Payne</u>, 81 F.3d at 764 (holding a due process challenge to the "unless clearly improbable" standard used for weapon enhancement was not properly before the appellate court where the argument was not made in the district court).

Therefore, we affirm.

_____